# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATHIAS LEMMA,<br><br>      *Plaintiff*,<br><br>v.<br><br>HISPANIC NATIONAL BAR ASSOCIATION,<br><br>      *Defendant.* | Civil Action No. 17-2551 (RDM) |

## MEMORANDUM OPINION AND ORDER

Mathias Lemma, proceeding *pro se*, commenced this suit on November 28, 2017, alleging that his former employer, the Hispanic National Bar Association ("HNBA"), discriminated against him "based on [his] disability." *See* Dkt. 1 at 1. The HNBA moves to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, and, in the alternative, moves to dismiss or for summary judgment on the grounds that the Americans with Disabilities Act ("ADA") does not apply to employers, like the HNBA, with fewer than 15 employees and that Lemma elected to pursue administrative, as opposed to judicial, remedies under the D.C. Human Rights Act ("DCHRA"). Dkt. 4-1 at 2. Because the Court concludes that Lemma has failed to effect service of process, the Court will dismiss the case without prejudice.

## I. BACKGROUND

In December 2015, Lemma was hired as a bookkeeper and accountant for the HNBA. Dkt. 1 at 1, 4. According to Lemma, several months after he started work, he was asked to perform a number of ministerial tasks, including moving and unloading boxes, in connection with an HNBA conference in Las Vegas. *Id.* at 2. Lemma alleges that this posed a problem for

him because he has a heart condition, which did not interfere with his ability "to perform [his] professional duties," but did prevent him from performing tasks requiring "heavy lifting." *Id.* at 3. Lemma says that he told HNBA's Executive Director about his heart condition in the hope that the association would accommodate his disability. *Id.* According to Lemma, however, the Executive Director was unsympathetic: she simply responded by noting that Lemma "did not tell [her about his heart condition] before" and otherwise declined to discuss the issue. *Id.* Lemma alleges that the next day, he was called to the Executive Director's office, and, without explanation, he was fired. *Id.*

In July 2016, Lemma filed an administrative complaint against the HNBA with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging a violation of the Americans with Disabilities Act. *See* Dkt. 4-4 at 2. In response, the HNBA argued that it was not a "covered entity" under the ADA because it did not have 15 or more employees on its payroll. *See* Dkt. 4-5 at 2. The EEOC agreed and informed Lemma that the "EEOC does not have jurisdiction over Respondents with less than 15 employees" and that it had, therefore, transferred Lemma's complaint to "the D.C. Office of Human Rights for processing." Dkt. 4-6 at 2. On July 18, 2017, the D.C. Office of Human Rights ("OHR") completed its investigation and found that there was not "probable cause" to believe that Lemma was terminated, discriminated against, or retaliated against on the basis of his disability. *See* Dkt. 4-7 at 21. Lemma requested that the OHR reconsider its decision, and the OHR denied that request. Dkt. 4-8 at 4. In its letter denying Lemma's request for reconsideration, the OHR informed Lemma of his right to file a petition for review of its decision in D.C. Superior Court. *Id.* at 5.

On November 28, 2017, Lemma filed this action, alleging that the HNBA "terminated [him] based on [his] heart condition," thereby "subject[ing] [him] to discrimination" and

"breach[ing]" his "human rights." Dkt. 1 at 1, 4. Lemma requests "over $125,000" in damages. *Id.* at 4. In response to the complaint, the HNBA has moved to dismiss for lack of jurisdiction, for insufficient process, and for failure to state a claim, or, in the alternative, for summary judgment. *See* Dkt. 4.

## II. ANALYSIS

The HNBA argues that Lemma's claims cannot proceed for a host of different reasons, both substantive and procedural.

Because federal courts "generally may not rule on the merits of a case without first determining that [they] have . . . subject matter jurisdiction," *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–112 (1998)), the Court must first consider the HNBA's contention that the Court lacks subject-matter jurisdiction because it is not a "covered entity" within the meaning of the ADA. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "covered entity" is "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). The term "employer," in turn, is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). As a result, the ADA "is inapplicable to very small businesses." *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 441–42 (2003) (quoting 42 U.S.C. § 12111(5)(A)).

According to the HNBA, it employed fewer than 15 individuals at the relevant time, and thus the Court lacks jurisdiction to entertain Lemma's ADA claim. The D.C. Circuit, however, has held that "coverage under the ADA forms an element of the plaintiff's cause of action rather than a prerequisite to the district court's jurisdiction." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 622 (D.C. Cir. 1997). In other words, although the HNBA may have a substantial defense on the merits, that defense does not go to the Court's jurisdiction.

The HNBA's second jurisdictional defense does not question the Court's subject-matter jurisdiction, but rather posits that Lemma has failed to effect service of process in the manner required by Federal Rule of Civil Procedure 4. As the Supreme Court has recognized, "the procedural requirement of service of summons must be satisfied" "before a federal court may exercise personal jurisdiction over a defendant." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Because insufficient service of process is, therefore, a jurisdictional defense, the Court must consider whether it is required to resolve that threshold defense before reaching the HNBA's contention that it is too small to be subject to suit under the ADA.

It turns out that the question whether the Court may reach the merits of a dispute before resolving a personal-jurisdiction defense is not well settled. The D.C. Circuit has held—albeit in an unpublished opinion—that district courts are "not required to resolve the issue of personal jurisdiction prior to ruling on [a] motion to dismiss for failure to state claim because personal jurisdiction exists to protect the liberty interests of defendants, unlike subject-matter jurisdiction, which serves as a limitation on judicial competence." *Pace v. Bureau of Prisons*, No. 98-5025, 1998 WL 545414, at *1 (D.C. Cir. July 17, 1998). In contrast, the Supreme Court has observed—albeit in dicta—that "a federal court generally may not rule on the merits of a case

without first determining that it has . . . personal jurisdiction." *Sinochem Int'l Co. Ltd.*, 549 U.S. at 430–31. A separate line of cases, moreover, recognizes an exception to the rule requiring that Courts resolve jurisdictional issues first in cases that present "difficult and perhaps close jurisdictional arguments" and that raise "plainly insubstantial" issues, controlled by established precedent, on the merits. *Sherrod v. Breitbart*, 720 F.3d 932, 936–37 (D.C. Cir. 2013) (quoting *Norton v. Mathews*, 427 U.S. 524, 530, 532 (1976)).

Although it is likely that the present case can be easily resolved on the merits based on established precedent, the Court cannot conclude that the HNBA's service of process defense presents a "difficult" or "close" question. Moreover, although reaching the merits of Lemma's claim might serve the interests of judicial economy by achieving greater finality in the disposition of the case, the economy of doing so is diminished by the uncertainty that exists regarding the Court's authority to resolve even a straightforward motion to dismiss for failure to state a claim before resolving a personal jurisdiction defense. The Court will, accordingly, decide whether Lemma has effected service of process before addressing the HNBA's defenses on the merits. Because the Court concludes that Lemma has failed to do so, it will not reach the HNBA's merits defenses. *See Arora v. Buckhead Family Dentistry, Inc.*, 263 F. Supp. 3d 121, 133 (D.D.C. 2017).

When a defendant moves to dismiss for insufficient service of process, "[t]he plaintiff bears the burden of proving that he has effected proper service." *Jouanny v. Embassy of Fr. in the U.S.*, 220 F. Supp. 3d 34, 37 (D.D.C. 2016). "[T]o do so, [he] must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [governing summonses] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*

§ 1083 (4th ed.)). "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007). As a result, "[f]ailure to effect proper service is . . . a 'fatal' jurisdictional defect, and is grounds for dismissal." *Jouanny*, 220 F. Supp. 3d at 38.

The HNBA has carried its initial burden. It has submitted a declaration attesting that the complaint and summons were not served on "an officer, a registered agent, or a person authorized to accept service on behalf of [the] HNBA," Dkt. 4-2 at 2 (Lopeztello-Jones Decl. ¶¶ 3–4), and it has explained why Lemma's effort to effect service was inadequate, Dkt. 4-1 at 10–12. Lemma, for his part, offers no response. The Court has nonetheless considered whether the HNBA's defense is well-founded and concludes that it is.

Federal Rule of Civil Procedure 4(h) provides that service upon a corporation or association must be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(B). Alternatively, under Rule 4(e)(1), a corporation or association can be served in the same manner provided by "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where the service is made." Fed. R. Civ. P. 4(e)(1). D.C. Superior Court Civil Rule 4(h), in turn, permits service by delivery of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," D.C. Sup. Ct. Civ. R. 4(h), and further authorizes delivery by registered or certified mail, return receipt requested, D.C. Sup. Ct. Civ. R. 4(c)(4). *See also* D.C. Code § 29-104.12(c) ("Service may be made by handing a copy of the process, notice, or demand to an

officer of the entity, a managing or general agent of the entity, or any other agent authorized by designation or by law to receive service of process . . . .").

Although Lemma did send the HNBA a copy of the summons and complaint by certified mail, the HNBA has proffered evidence that the package was not delivered to an officer, managing or general agent, or other agent authorized to receive service on behalf of the association, Dkt. 4-2 at 2 (Lopeztello-Jones Decl. ¶¶ 3–5), and Lemma has failed to produce a return receipt signed by an authorized person, *see* Sup. Ct. Civ. R. 4(c)(4). Under the governing law, that defect is dispositive. Precedent from the D.C. Court of Appeals establishes "that service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a defendant's offices but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process." *Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005); *see also McLaughlin v. Fid. Sec. Life Ins.*, 667 A.2d 105, 106 (D.C. 1995); *Larry M. Rosen & Assocs., Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1983).

In light of the foregoing, the Court finds that Lemma has not served the HNBA pursuant to Federal Rule of Civil Procedure 4(h) or 4(e)(1). Because Lemma is proceeding *pro se*, however, the Court will provide Lemma an opportunity to perfect service. *See Nabaya v. Dudeck*, 38 F. Supp. 3d 86, 97 (D.D.C. 2014) ("[D]ue to the plaintiff's pro se status, dismissal of his case without giving him the opportunity to perfect service is inappropriate.").

## CONCLUSION

Defendant's motion to dismiss for lack of jurisdiction, to quash service and dismiss, or, in the alternative, for summary judgment, Dkt. 4, is hereby **GRANTED** in part. It is further **ORDERED** that Plaintiff shall be afforded 45 days from the date of this opinion to effect service

7

of the HNBA.  If Plaintiff does not affect service within 45 days, the Court will enter an order dismissing the action.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  June 29, 2017