# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MATHIAS LEMMA,

      *Plaintiff*,

  v.

HISPANIC NATIONAL BAR
ASSOCIATION,

      *Defendant*.

Civil Action No. 17-2551 (RDM)

## MEMORANDUM OPINION

Mathias Lemma, proceeding *pro se*, commenced this suit on November 28, 2017,
alleging that his former employer, the Hispanic National Bar Association ("HNBA"),
discriminated against him "based on [his] disability." *See* Dkt. 1 at 1. The HNBA moves to
dismiss for lack of subject-matter jurisdiction and for failure to state a claim under Federal Rules
of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, moves for summary judgment.
Dkt. 19 at 1. Because the Court concludes that the HNBA is not a "covered entity" under the
Americans with Disabilities Act ("ADA"), the Court will grant summary judgment in favor of
the HNBA on Lemma's ADA claim, and because Lemma elected to pursue administrative
remedies under the D.C. Human Rights Act ("DCHRA"), the Court will dismiss his DCHRA
claim for lack of jurisdiction.

## I.  BACKGROUND

The HNBA moved to dismiss this suit once before, both for the reasons it gives in the
motion now before the Court and for insufficient service of process under Federal Rule of Civil
Procedure 12(b)(5). *See* Dkt. 4 at 1. The Court granted that motion, without prejudice, on the

ground that Lemma failed to effect service of process. *See* Dkt. 9 at 1. In doing so, the Court explained the factual contours of the case, *see* Dkt. 9 at 1–3, and therefore will only briefly recount the relevant facts here. In December 2015, Lemma was hired as a bookkeeper and accountant for the HNBA. Dkt. 1 at 1. Lemma says that, on March 10, 2016, he told the HNBA's Executive Director that he has a heart condition, "hoping that she" would accommodate his disability by relieving him of responsibility for any "heavy lifting[]." *Id.* at 3. According to Lemma, the Executive Director responded only by noting that Lemma "did not tell [her about his heart condition] before." *Id.* Lemma alleges that he was called to the Executive Director's office the next day and fired without explanation. *Id.*

On June 1, 2016, Lemma filed an administrative complaint against the HNBA with the U.S. Equal Employment Opportunity Commission ("EEOC") and the D.C. Office of Human Rights ("DCOHR"), alleging a violation of the ADA. *See* Dkt. 19-3 at 9. Although the charge of discrimination was presented in the first instance to the EEOC, it listed both the EEOC and DCOHR. *See id.* In any event, charges of discrimination filed with the EEOC in the District of Columbia are "automatically cross-filed with the" DCOHR "pursuant to a 'worksharing agreement' between the two agencies." *Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 78 (D.D.C. 2009); *see also Slate v. Pub. Def. Serv. for the District of Columbia*, 31 F. Supp. 3d 277, 294 (D.D.C. 2014). On July 8, 2016, the EEOC notified the HNBA of the charge and requested that the association submit a response by August 5, 2016. Dkt. 19-3 at 2, 6. Prior to that deadline, the HNBA notified the EEOC that it is not a "covered entity" within the meaning of the ADA because it has fewer than 15 employees. Dkt. 19-4 at 2 (citing 42 U.S.C. § 12111(5)). The EEOC agreed and notified Lemma that it was transferring the matter to the DCOHR "for

processing" because the EEOC does not have "jurisdiction over Respondents with less than 15 employees." Dkt. 19-5 at 2.

The DCOHR then conducted an investigation and issued a detailed "letter of determination" on July 18, 2017, finding "no probable cause to believe that [the HNBA] discriminated against [Lemma] on the basis of his disability (heart condition) by failing to accommodate him" and "no probable cause to believe that [the HNBA] retaliated against [Lemma] for requesting a reasonable accommodation." Dkt. 19-6 at 3. Lemma timely sought reconsideration of that determination, and, after reviewing the record, the DCOHR affirmed its prior "no probable cause" findings. Dkt. 4-8 at 4. At the same time, the DCOHR informed Lemma of his right to petition the D.C. Superior Court for review of the agency's final decision within three years. *Id*. at 5. Shortly thereafter, the EEOC "adopted the findings" of the DCOHR and issued a right to sue letter. Dkt. 4-9 at 2.

On November 28, 2017, Lemma filed this action, alleging that the HNBA "terminated [him] based on [his] heart condition," thereby "subject[ing] [him] to discrimination" and "breach[ing]" his "human rights." Dkt. 1 at 1, 4. Lemma requests "over $125,000" in damages. *Id.* at 4. In response to the complaint, the HNBA moved to dismiss for lack of jurisdiction, for insufficient process, and for failure to state a claim, or, in the alternative, for summary judgment. *See* Dkt. 4 at 1. The Court dismissed the case without prejudice for insufficient process, *see* Dkt. 9 at 1, after which Lemma effected service by agreement with the HNBA, *see* Dkt. 10 at 1. The HNBA has renewed its motion to dismiss for failure to state a claim and for lack of jurisdiction, or, in the alternative, for summary judgment. *See* Dkt. 19 at 1.

## II. LEGAL STANDARD

The HNBA's motion implicates three distinct legal standards:

First, a motion to dismiss under Rule 12(b)(1) challenges the Court's jurisdiction to hear the claim and may raise a "facial" or "factual" challenge to the Court's jurisdiction. A facial challenge asks whether the plaintiff has pleaded facts sufficient to establish the court's jurisdiction, while a factual challenge asks the court to "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). A facial challenge, in other words, is confined to the four corners of the complaint, while a factual challenge permits the court to look beyond the complaint to satisfy itself that it has jurisdiction to hear the suit. Whether a motion to dismiss is facial or factual, the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject-matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[I]n passing on a motion to dismiss" for lack of jurisdiction, however, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Leatherman v. Tarrant Cty. Narcotics and Coordination Unit*, 507 U.S. 163, 164 (1993); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979).

Second, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp.*, 550

U.S. at 555. Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Hence, while "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" *id.* at 556 (citation omitted), the "threshold requirement" of Federal Rule of Civil Procedure 8(a)(2) is "that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, summary judgment is appropriately granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it is capable of affecting the outcome of the litigation. *Liberty Lobby*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Liberty Lobby*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).

## III. ANALYSIS

Although Lemma's complaint is not a model of clarity, courts must construe *pro se* pleadings "liberally" and must hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Construed in this light, the complaint is best read to allege a violation of the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.,[1] although it might also be read to

allege a violation of the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 *et seq*.

Under either reading, the HNBA is entitled to prevail.

## A.    Americans with Disabilities Act

The ADA provides that "[n]o covered entity shall discriminate against a qualified

individual on the basis of disability in regard to job application procedures, the hiring,

advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "covered entity" is "an

employer, employment agency, labor organization, or joint labor-management committee." 42

U.S.C. § 12111(2). The term "employer," in turn, is defined as "a person engaged in an industry

affecting commerce who has 15 or more employees for each working day in each of 20 or more

calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). As a

result, the ADA "is inapplicable to very small businesses." *Clackamas Gastroenterology Assocs.*

*v. Wells*, 538 U.S. 440, 441–42 (2003) (quoting 42 U.S.C. § 12111(5)(A)).

Although several courts have dismissed ADA complaints under Rule 12(b)(6) for failure

to state a claim because the plaintiffs in those actions failed to allege that the defendants were

"covered entities," *see, e.g.*, *Kirsch v. Lei Floor & Window Coverings, Inc*., Civ. No. 16-00284

ACK-RLP, 2017 WL 82468, at *4 (D. Haw. Jan. 9, 2017); *Gaube v. Day Kimball Hosp*., No.

3:13-CV-01845 (VAB), 2015 WL 1347000, at *9 (D. Conn. Mar. 24, 2015); *see also Mohan v.*

---

[1]  Although Lemma does not refer specifically to the ADA in his complaint, *see* Dkt. 1, the "Charge of Discrimination" that he filed with EEOC and DCOHR asserted: "I believe I have been denied an accommodation and discriminated against in violation of the Americans with Disabilities Act of 1990, as amended." Dkt. 19-3 at 9. Lemma's opposition to the HNBA's motion, moreover, makes clear that he did indeed seek to bring this action under the ADA. *See* Dkt. 21 at 1–3.

*La Rue Distrib.'s Inc.*, No. 06-CV-621 (FB) (RLM), 2007 WL 3232225, at *1 (E.D.N.Y. Oct. 31, 2007) (denying plaintiff's motion for entry of default judgment for the same reason), the Court need not rely on a technical failure to plead by a *pro se* litigant to resolve the pending motion. Rather, the HNBA has moved, in the alternative, for summary judgment, and it has submitted unrebutted evidence that it was not a "covered entity" at the relevant time. According to the declaration of Alba Cruz-Hacker, the Chief Operating Officer and Executive Director of the HNBA, the association employed "fewer than fifteen . . . employees" from December 2015 through March 2016—that is, during the time Lemma was employed by the association. Dkt. 19-2 at 2 (Cruz-Hacker Decl. ¶¶ 2–3). The HNBA included that factual representation in its Statement of Material Facts as to Which There is No Genuine Dispute, Dkt. 19-1 at 9 (Def.'s SUMF ¶¶ 1), moreover, and Lemma—who was advised of his obligation to controvert any disputed facts, *see* Dkt. 20—has failed to offer any contrary evidence or to dispute the HNBA's representation. The fact that the HNBA had fewer than 15 employees at all relevant times, accordingly, is settled for purposes of the pending motion.

Rather than dispute this dispositive fact, Lemma argues that the exclusion of employers with fewer than 15 employees from the definition of covered entity "does not mean the employer has the right to violate the human right of an employee, no matter what its size is" and that the "ADA's intention is . . . not to create a discriminatory situation among employees working for big and small organizations as far as violation of human rights is concerned." Dkt. 21 at 1–3. He further asserts that about half of registered nonprofit organizations in the United States have fewer than 15 employees and that "[t]he intent of the ADA cannot possibly be to exclude all these employees from bringing human rights abuse and violation complaints and actions against their employers." *Id.* at 2. The relevant evidence of "the intent of the ADA," however, is found

in its plain language, which provides that the law is applicable only to entities with "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A); *see also Clackamas Gastroenterology Assocs.*, 538 U.S. at 442. Because the HNBA did not employ 15 or more employees during the relevant period, the ADA does not apply.

Because the law is clear, and the relevant facts are undisputed, the HNBA is entitled to summary judgment on Lemma's ADA claim.

## B.    D.C. Human Rights Act

Out of an abundance of caution, the Court will also construe Lemma's complaint to allege a claim under the DCHRA. The Court must dismiss that claim, however, for lack of jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

The DCHRA provides a private cause of action but requires aggrieved parties to make an election: they may either file suit or pursue an administrative claim before the DCOHR. "No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under [the DCHRA] may file the same complaint with the" DCOHR, and no person who "has filed a complaint" with the DCOHR may file suit in a court of competent jurisdiction unless he or she "has withdrawn [the] complaint" or the DCOHR has "dismissed [the] complaint on the grounds of administrative convenience." D.C. Code § 2-1403.16(a). In other words, "[t]he jurisdiction of the court and [DC]OHR are mutually exclusive in the first instance." *Carter v. District of Columbia*, 980 A.2d 1217, 1223 (D.C. 2009) (quoting *Brown v. Capitol Hill Club*, 425 A.2d 1309, 1311 (D.C. 1981)).

As explained above, Lemma filed a "charge of discrimination" with both the EEOC and the DCOHR on June 1, 2016, Dkt. 19-3 at 9, and the DCOHR resolved that charge on the merits

on July 18, 2017, Dkt. 19-6 at 2–22. The complaint was not dismissed "on grounds of administrative convenience," and, far from withdrawing the complaint, Lemma pursued the charge all the way through a petition for reconsideration, Dkt. 4-8 at 2–5. The fact that Lemma pursued his allegations of discrimination by this administrative path does not preclude all judicial review—he may, as the DCOHR informed him, file a petition for review of the agency's decision in the D.C. Superior Court, Dkt. 4-8 at 5—but it does divest this Court of jurisdiction to consider his DCHRA claim. *See Dickerson v. District of Columbia*, 70 F. Supp. 3d 311, 325 (D.D.C. 2014) (dismissing claims for discrimination under the DCHRA for lack of subject-matter jurisdiction because plaintiffs "opted for the administrative rather than the judicial forum for the pursuit of claims arising under the Human Rights Act").

The Court will, accordingly, grant the HNBA's motion to dismiss Lemma's DCHRA claim for lack of jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

The Court will **GRANT** Defendant's motion for summary judgment with respect to Plaintiff's ADA claim and will **GRANT** Defendant's motion to dismiss for lack of jurisdiction with respect to Plaintiff's DCHRA claim.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: August 27, 2019.